1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANA CUERVO,

          Plaintiff,

   v.

AMAZON.COM, INC., *et al*.,

         Defendants.

Cause No. C21-0660RSL

ORDER DENYING
DEFENDANTS' MOTION
TO DISMISS

     This matter comes before the Court on defendants' "Motion to Dismiss First Amended Complaint Under Rule 12(b)(6)." Dkt. # 30. Plaintiff alleges that she was harassed and discriminated against by her supervisor, defendant Christopher Stoia, because of her race, ethnicity, national origin, and gender. In her approximately seven months as an Area Manager of Delivery Operations with Amazon, Stoia stated, among other things, that plaintiff had been hired only to "checkmark the diversity box," he made it clear that he did not like working with Latinx people, that women should not work in a warehouse setting, and that she was expected to fill shortfalls in her white and male coworkers' performance, and he disparaged her Colombian heritage by comparing plaintiff to Pablo Escobar and attributing her ability to work long hours to "coffee and cocaine." Dkt. # 23 at ¶¶ 43-45. Plaintiff was unsettled, and it showed. After confirming that plaintiff feared that she would lose her job, Stoia warned her against

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 1

complaining to human resources about the way he treated her, assuring her that the company did not like complaints and it would end up in her termination. When she nevertheless complained (twice), human resources had her recount her experiences and complaints in front of Stoia, failed to initiate any other investigation, and took no remedial action. Within weeks, plaintiff's employment was summarily terminated, apparently for safety violations occurring ten days earlier during a snow storm when plaintiff was the only manager in the building and was required to handle tasks for which she had never been trained or certified. When Stoia first learned of the problems that occurred on February 14th, he appeared "overjoyed" and said "[y]ou finally did something wrong so that I can fire you." Dkt. # 23 at ¶ 125.[1] The termination came a day after plaintiff had elevated concerns regarding an uncorrected gas leak in the building, and a day before human resources reached out to inquire about her complaint of harassment and discrimination.

Based on these allegations, plaintiff asserts claims of harassment, discrimination, and/or retaliation under Title VI, Section 1981, and the Washington Law Against Discrimination, as well as a claim for wrongful termination in violation of public policy. Defendants seek dismissal of all of plaintiff's claims on the grounds that the allegations of the Amended Complaint do not raise a plausible inference of liability because Stoia's remarks were "stray," plaintiff has not

---

[1] Plaintiff affirmatively alleges facts tending to show that the stated justification for her termination was a pretext: she followed the instructions of an upper-level manager throughout the snow day, her alleged infraction was common, and the safety violations committed by white, male employees did not result in their termination even when they were more egregious than what she did.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 2

identified appropriate comparators, and there is no connection between Stoia's comments and her termination for safety violations.[2] To make these arguments, defendants ignore the complaint as a whole and instead focus on bits and pieces of the story in an attempt to show that each insult or action, standing alone, cannot support a viable claim.

The question for the Court on a Rule 12(b)(6) motion is whether the facts alleged sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

---

[2] Defendants also point out that certain allegations of discriminatory or harassing conduct were not included in plaintiff's original complaint, implying that the new allegations should be discounted or ignored on that ground. There is no authority for this proposition. "In the Ninth Circuit, the filing of 'an amended complaint supercedes the original complaint and renders it without legal effect.'" *Umouyo v. Bank of Am. NA*, No. 2:22-CV-00704-JHC, 2022 WL 2392386, at *1 (W.D. Wash. July 1, 2022) (quoting *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012)). Defendants have not attempted to show that judicial estoppel applies or identified any other theory that would justify the striking of properly alleged facts or claims simply because they are based on allegations that were not included in a superceded pleading.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 3

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted).

Having considered the allegations of the Amended Complaint and the memoranda submitted by the parties,[3] the Court finds that plaintiff's allegations, when taken as true, raise a plausible inference of unlawful conduct that would entitle plaintiff to relief under Title VII, Section 1981,[4] and the Washington Law Against Discrimination. In the context of a motion to dismiss, the Court is not free to disbelieve allegations of fact and must draw causal inferences in plaintiff's favor. With regards to the wrongful termination claim, the Washington Supreme Court has been willing to assume "that [the Washington Industrial Safety and Health Act] and its accompanying regulations establish a clear public policy of ensuring worker safety and protecting workers who report safety violations," *Cudney v. ALSCO, Inc*., 172 Wn. 2d 524, 530 (2011), overruled on other grounds by *Rose v. Anderson Hay & Grain Co*., 184 Wn. 2d 268, (2015)), and "[t]emporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases," *Bell v. Clackamas Cnty*., 341 F.3d 858, 865 (9th Cir. 2003). Plaintiff has plausibly alleged her claims against defendants. If she is unable to produce evidence in support of those allegations,

---

[3] This matter can be resolved on the papers submitted. The parties' requests for oral argument are DENIED.

[4] Plaintiff does not dispute that Section 1981 does not comprehend a "failure to prevent discrimination" claim. To the extent she has asserted such a claim, it fails as a matter of law.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 4

defendants may be entitled to summary judgment, but it would be inappropriate to dismiss the claims at this stage of the proceeding.

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 30) is DENIED.

Dated this 23rd day of January, 2023.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 5