1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT  SEATTLE

DIANA CUERVO,

              Plaintiff,

    v.

AMAZON.COM, INC., AMAZON.COM, SERVICES LLC, and CHRISTOPHER STOIA, in his individual and professional capacities,

              Defendants.

CASE NO. 2:21-cv-00660-RSL

**STIPULATED PROTECTIVE ORDER**

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Information disclosed in the course of discovery in this action, including, without limitation, documents and deposition testimony, shall only be used for the purpose of litigating this case, and not for any other purpose.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) personal or other confidential and sensitive personnel information regarding current or former employees of Amazon.com Services LLC, including, but not limited to, payroll records, contact information, performance evaluations, policies, compensation and financial information, investigations, discipline, other information in personnel files and other employee records, and medical records; (b) non-public policies, trade secrets, and confidential information concerning Amazon's operating procedures and business practices that are not disclosed to the public; and (c) non-public financial or tax information (including the return and attached schedules and forms), W-2 forms, and 1099 forms.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

STIPULATED MOTION FOR
PROTECTIVE ORDER – 6
Case No. 2-21-cv-00660-RSL

testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Stipulation and Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B); and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

4.3     Filing Confidential Material.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)    Information in documentary form:  (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection,

the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A party or non-party that makes original documents available need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the confidentiality legend to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition</u>:  for testimony given in deposition , the designating party shall either (1) identify on the record, before the close of the deposition, all protected testimony and/or exhibits, or (2) designate the entirety of the transcript, including exhibits, as "confidential" (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the final deposition transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30.

(c)    <u>Other tangible items</u>:  the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

designation within 21 days of discovering the inadvertent failure to designate qualified information, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.  The receiving party shall also promptly destroy or return the inadvertently produced material, and all copies thereof, and shall retain only the materials designated as "CONFIDENTIAL."

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality as soon as practicable so as not to prejudice or harm the opposing party or otherwise disrupt the litigation.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  Unless the designating party has

waived or withdrawn the confidentiality designation, all parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit B.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The parties agree that they do not intend to disclose privileged information.  If, nevertheless, a producing party discloses privileged information, such disclosure (as distinct from

use) shall be deemed inadvertent and shall not constitute or be deemed a waiver or forfeiture of privilege or protection from discovery in this litigation or in any other federal or state proceeding. This Section shall be interpreted to provide the maximum protection allowed under applicable rules, including Federal Rule of Evidence 502(b).

(a)    If a producing party discovers that it has produced privileged information, it shall promptly notify the receiving party of the production in writing and identify the privileged information by bates range where possible.  In the event that a receiving party receives information that it believes is subject to a good-faith claim of privilege by the producing party, the receiving party shall immediately refrain from examining the information and shall promptly notify the producing party in writing that they possess potentially privileged information.  The producing party shall have seven business days to assert privilege over the identified information from the time it discovers the production of the privileged information, and if they do not assert a claim of privilege within the seven-day period, the information in question shall be deemed non-privileged.

(b)    If the producing party has notified the receiving party of production of privileged information, or has confirmed the production of privileged information called to its attention by the receiving party, the receiving party shall immediately (1) destroy, sequester, or return to the producing party all copies or versions of the produced privileged information requested to be returned or destroyed; (2) delete from its work product or other materials any quotes or paraphrased portions of the produced privileged information; (3) ensure that produced privileged information is not disclosed in any manner to any party or non-party; and (4) take reasonable steps to retrieve the privileged information if previously disclosed in any manner to any party or non-party.  The receiving party shall not use or disclose any produced privileged information until the claim of privilege or protection is resolved.

(c)    Within fourteen (14) calendar days of the notification that such privileged information has been returned, destroyed, sequestered, or deleted ("Clawed-back Information"), the producing party shall produce a privilege log with respect to the Clawed-back Information.

Within fourteen (14) calendar days after receiving the producing party's privilege log with respect to such Clawed-back Information, a receiving party may notify the producing party in writing of an objection to a claim of privilege or work-product production with respect to the Clawed-back Information.  Within ten (10) calendar days of the receipt of such notification, the producing party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the privilege or work product claim with respect to such Clawed-back Information.  The parties may stipulate to extend the time periods set forth in this section without court approval.

(d)     If, for any reason, the producing party and receiving party (or parties) do not resolve their disagreement after conducting the mandatory meet and confer, the Parties shall submit a joint motion outlining their respective positions.  The producing party bears the burden of establishing the privileged or protected nature of any privileged information.

(e)     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing in this Order shall limit the right to request an in-camera review of any Privileged Information.

(f)     In the event any prior order or agreement between the parties and/or between parties and a non-party concerning the disclosure of privileged and/or work product protected materials conflicts with any of the provisions of this Order, the provisions of this Order shall control.

(g)     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within sixty (60) calendar days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.    <u>MISCELLANEOUS</u>

11.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  The production of confidential material shall not constitute an admission or concession by the producing or designating party that such confidential material is relevant or probative of any issue or is admissible at any proceedings for any purpose.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.    <u>AUTHORIZATION TO PRODUCE</u>

The Court hereby authorizes the production of information by the parties, subject to the protections of applicable privacy laws.  This authorization does not extend to the production of information from third parties.  To the extent that any federal or state laws require the parties to obtain a court order to produce this information, this Order hereby satisfies such requirement(s).

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3 documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

4 state proceeding, constitute a waiver by the producing party of any privilege applicable to those

5 documents, including the attorney-client privilege, attorney work-product protection, or any other

6 privilege or protection recognized by law.

7

8    Dated this 5th day of May, 2023.

9

10                                        Robert S. Lasnik
11                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED MOTION FOR
PROTECTIVE ORDER – 16
Case No. 2-21-cv-00660-RSL

# Exhibit B

1

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

2

I, _____ [print or type full name], of

3

_____ [print or type full address], declare under penalty of perjury

4

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

5

the United States District Court for the Western District of Washington on [date] in the case of

6

*Diana Cuervo v. Amazon.com, Inc. et al* (United States District Court, Western District of

7

Washington Case No. 2:21-cv-0060-RSL).  I agree to comply with and to be bound by all the terms

8

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

9

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

10

I will not disclose in any manner any information or item that is subject to this Stipulated Protective

11

Order to any person or entity except in strict compliance with the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the

13

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

14

Order, even if such enforcement proceedings occur after termination of this action.

15

16

Date: _____

17

City and State where sworn and signed: _____

18

Printed name: _____

19

Signature: _____

20

21

22

23

24

25

26

STIPULATED MOTION FOR
PROTECTIVE ORDER – 18
Case No. 2-21-cv-00660-RSL